UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV17-MU-02


ANDRE LAMAR WOODY,        )
    Petitioner,        )
               )
       v.        )        O R D E R
               )
A. HATHAWAY, Supt.,        )
    Respondent.        )
_____)


THIS MATTER is before the Court on the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. 2254, filed January, 9, 2007. For the reasons stated herein, the petitioner's Petition will be dismissed as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the petitioner's Petition reflects that a Cleveland County jury convicted him of Robbery with a Dangerous Weapon and Possession of a Firearm by a Convicted Felon. In addition, the petitioner was determined to be an Habitual Felon. Accordingly, on September 22, 2000, the Superior Court of Cleveland County sentenced the petitioner to two terms of 136 to 173 months imprisonment for his Robbery and Firearm convictions.

Thereafter, the petitioner directly appealed his case to the North Carolina Court of Appeals. However, that Court summarily rejected the petitioner's claims upon a finding of "no error," and it affirmed his convictions and sentences. See North Carolina v.

<u>Woody</u>, 147 N.C.App. 790 (December 18, 2001).

The petitioner's <u>Habeas</u> Petition further reflects that he did not seek any further direct review in the North Carolina Court system; nor did the petitioner seek certiorari review in the United States Supreme Court. Consequently, giving the petitioner the benefit of all reasonable doubts, this Court has determined that the petitioner's convictions and sentences became final on or about March 19, 2002--that is, at the expiration of the 90-day period during which he could have sought (but failed to seek) review at the Supreme Court. See <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying the 90-day grace period for cases in which no certiorari review was sought in the U.S. Supreme Court).

Nevertheless, the subject Petition does reflect that after having waited nearly four years from the date on which his convictions and sentences became final, on February 27, 2006, the petitioner finally filed a Motion for Appropriate Relief ("MAR" hereafter) in the Superior Court of Cleveland County. Not surprisingly, however, the petitioner's MAR was denied on June 13, 2006. The petitioner did not seek any further review of his MAR.

Rather, on January 9, 2007. the petitioner came to this Court with this <u>Habeas</u> Petition. By his Petition, the petitioner argues that his former trial attorney rendered him ineffective assistance. Specifically, the petitioner claims that counsel labored under a conflict of interest which stemmed from counsel's prior employment

at the jewelry store which the petitioner was convicted of having robbed. According to the petitioner, due to that conflict of interest, counsel did not challenge the admission of a firearm into evidence, he did not seek a continuance when a defense witness failed to show up at trial, he did not cross-examine eye witnesses about their description of the robber, and counsel did not challenge or otherwise object to the trial Court's failure to include all elements of the Habitual Felon statute in its jury instructions. The petitioner claims that counsel was ineffective on appeal for having failed to raise certain of the foregoing matters as plain error.

Notwithstanding the petitioner's apparent belief to the contrary, however, the undersigned has concluded that the instant Petition must be summarily <u>dismissed</u>.

## II. <u>ANALYSIS</u>

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Likewise, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As was previously noted, the petitioner sustained his convictions and sentences on September 22, 2000, and those matters were affirmed on appeal by a decision entered on December 18, 2001. Furthermore, as the petitioner concedes, he did not seek certiorari review before the U.S. Supreme Court. Consequently, the petitioner's convictions and sentences became final no later than March 19, 2002. Therefore, under the provisions of the AEDPA, the petitioner had up to and including March 19, 2003 in which to file the instant federal Habeas Petition. Obviously, this Petition was not filed by that date.

Not only that, the instant Petition also shows that the

petitioner allowed more than two years to elapse _after_ the expiration of his one-year deadline before he even initiated his unsuccessful collateral proceedings in the North Carolina courts. Thus, while the AEDPA entitles a petitioner to have the limitation period tolled for the time during which he/she pursued State collateral review, that fact is of little consequence here.

That is, the petitioner's one-year deadline in this Court already had expired by the time that he began his pursuit of collateral review in State Court; therefore, the petitioner's filing of his MAR came far too late to have a favorable impact on this Court's calculations. To put it simply, the petitioner's belated pursuit of State collateral review cannot somehow breathe new life into his one-year limitations period which had expired long before he began that pursuit. In fact, this Court is not even required to acknowledge the petitioner's filing of an MAR inasmuch as that document was filed well beyond the 10-day period which North Carolina mandates for the initiation of such proceedings. See N.C.G.S. §15A-1420(4).

Equally critically, the form on which the petitioner submitted his Petition to this Court made it clear that the instant Petition could be construed as time-barred, yet the petitioner failed to articulate a reason why this Court should reach a contrary conclu-

sion.[1]  That is, the petitioner's <u>Habeas</u> form admonished him that Petitions filed more than one year after the challenged conviction(s) became final could be dismissed as untimely filed. Nevertheless, in response to the form's inquiry concerning timeliness the petitioner chose merely to reiterate his claims that counsel was ineffective due to his reported conflict of interest.

Moreover, with regard to equitable tolling, the Fourth Circuit Court of appeals has stated that such tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result."  <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir.) (<u>en banc</u>), <u>cert. denied</u>, 541 U.S. 905 (2004).  <u>See also</u> <u>United States v. Sosa</u>, 364 F.3d 507, 511-13 (4th Cir. 2004).  Here, however, the petitioner does not set forth any matters which could support a conclusion that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement.

---

[1]In January 2002, the fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002).  There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Offices of the Courts modified the federal <u>habeas</u> form to comply with <u>Hill's</u> notice provision.  The new form now includes a section which directs the petitioner to address the "timeliness of [his/her] Petition.  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [that] Petition."

Therefore, equitable tolling also is not available for the petitioner. **III. CONCLUSION**

The AEDPA requires, among other things, that petitions for habeas corpus relief under 28 U.S.C. §2254 be brought within one year of the time that the underlying State court convictions and sentences become final. Because the record here clearly establishes the petitioner's failure in this regard, the instant Petition for a Writ of Habeas Corpus must be dismissed as untimely filed.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED.**

Signed: February 9, 2007

Graham C. Mullen
United States District Judge